IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:11-CV-22267

**BRIAN TOWNSEND,**

      **Plaintiff,**

**-v-**

**GLOBAL CREDIT &
COLLECTION CORP.,**

      **Defendant.**

_____/

## NOTICE OF REMOVAL

**COMES NOW** defendant Global Credit & Collection Corporation ("Defendant"), by and through its undersigned counsel, pursuant to the provisions of 28 U.S.C. §§ 1331, 1441 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Florida and Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby gives notice of the removal of this action from the County Court in and for Miami-Dade County, Florida, to the United States District Court, Southern District of Florida. In support of this notice of removal, Defendant states as follows:

1925441 v1

## I. INTRODUCTION

1. Plaintiff Brian Townsend ("Plaintiff") commenced this action by filing a complaint against Defendant in the County Court in and for Miami-Dade County, Florida, Case Number 2011-08259CC25 on or about June 3, 2011.

2. Plaintiff's complaint asserts claims against Defendant relating to alleged improper collection of a debt. [*See generally* Complaint.]

3. Based on these allegations, Plaintiff attempts to assert a federal claim against Defendant under the Fair Debt Collection Practices Act ("FDCPA"). [*Id.*]

4. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a).

## II. FEDERAL QUESTION JURISDICTION

5. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6. This is a civil action arising under the Constitution, laws, or treatises of the United States, because Plaintiff is asserting a claim against Defendant based upon alleged violation of the FDCPA, which is a federal consumer protection statute. [*See* Complaint; *see also* 15 U.S.C. § 1692 *et seq.*] Accordingly, Plaintiff's FDCPA claim arises under the laws of the United States and could have been originally filed in this Court.

### III.   ADOPTION AND RESERVATION OF DEFENSES

7. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fla. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

### IV.   PROCEDURAL REQUIREMENTS

8. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

9. True and correct copies of "all process, pleadings, and orders" served upon Defendant to date are attached hereto as Exhibit "A" in conformity with 28

U.S.C. § 1446(a). There has been no other process, pleadings, or orders served upon Defendant to date in this case.

10. This notice of removal is filed within the time frame set forth in 28 U.S.C. § 1446.

11. Defendant has heretofore sought no similar relief.

12. The United States District Court for the Southern District of Florida is the court and division embracing the place where this action is pending in state court.

13. Contemporaneously with the filing of this notice of removal, Defendant is filing a copy of same with the clerk of the County Court in and for Miami-Dade County, Florida, and a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon Plaintiff.

14. Defendant reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the County Court in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida.

Respectfully submitted,

s/ R. Frank Springfield
R. Frank Springfield (FL Bar # 0010871)
Christine Irwin Parrish (FL Bar # 0014404)
BURR & FORMAN LLP
450 S. Orange Avenue, Suite 200
Orlando, Florida 32801
Telephone: (407) 244-0888
Facsimile: (407) 244-0889
fspringf@burr.com
cparrish@burr.com

Attorneys for Defendant
GLOBAL CREDIT & COLLECTION
CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 22nd day of June, 2011:

Erik Kardatzke, Esq.
Debt Defense, P.L. - A Law Firm
6915 Red Rd., Suite #200
Coral Gables, Florida  33143
(305) 444-4323

s/ R. Frank Springfield
OF COUNSEL